*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK FLYNN, AJ RATERINK, PATRICIA
LOOKS, BRIAN DOKTER, STEVE LEMIEUX,
and JAMIE LEMIEUX,

Plaintiffs-Appellants,

v

OTTAWA COUNTY DEPARTMENT OF PUBLIC
HEALTH, OTTAWA COUNTY DEPARTMENT
OF PUBLIC HEALTH ADMINISTRATIVE
HEALTH OFFICER, and OTTAWA COUNTY
BOARD OF COMMISSIONERS,

Defendants-Appellees.

FOR PUBLICATION
December 15, 2022
9:10 a.m.

No. 359774
Ottawa Circuit Court
LC No. 21-006624-CZ

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

MARKEY, J.

Plaintiffs-appellants, Patrick Flynn, AJ Raterink, Patricia Looks, Brian Dokter, and Steve and Jamie Lemieux, appeal by right the trial court's order summarily dismissing their lawsuit against defendants-appellees, Ottawa County Department of Public Health (the department), Ottawa County Department of Public Health Administrative Health Officer (the health officer), and Ottawa County Board of Commissioners (the board). This action concerns the validity of a mask mandate in schools that was issued and implemented by *emergency order* of the health officer in response to the COVID-19 pandemic. The trial court concluded that the order did not have to be approved by the board because it was an order and not a promulgated *regulation*, which must be approved by the board. Plaintiffs argue that the trial court erred in its ruling, contending that a regulation, by definition, encompasses orders issued by health officers; therefore, the mask-mandate order had to be approved by the board, which did not occur and thus rendered the order invalid and unenforceable. Plaintiffs maintain that even though the mask mandate has expired, an actual controversy nonetheless exists entitling them to declaratory relief because defendants will continue to assert their authority to issue similar orders in the future. For the reasons set forth in this opinion, we hold that mootness does not preclude substantive resolution of the appeal and that the trial court properly ruled that the emergency order issued by the health officer in response to

-1-

the pandemic was not subject to approval by the board.  Accordingly, we affirm the trial court's order of summary dismissal.

## I.  FACTUAL AND PROCEDURAL HISTORY

This case concerns the August 20, 2021 order issued by the health officer mandating the wearing of masks to prevent the spread of COVID-19 in schools.  The order required children from prekindergarten through grade six to wear a facial covering while in an "educational institution" or "educational setting."  "Educational institutions" and "educational settings" included "youth camps, youth programs, childcare centers, preschools, primary through secondary schools, vocational schools, colleges, and universities and other organized activities outside the home where coursework is taught."  The order also covered extracurricular activities such as school athletics.  In addition, the mandate required all service providers, regardless of vaccination status, to wear a facial covering while in an educational institution.  This included "students, teachers, administrative staff, attendees, volunteers, coaches, camp leaders, and other employees . . . ."

Several residents of Ottawa County expressed their disagreement with the order at a county commission meeting.  Board members revealed that they were generally unable to reverse an order issued by the health officer.  In a written statement, the chairperson of the board explained that "[t]here is no question that the Board of Commissioners cannot make this decision and cannot reverse this decision."

Plaintiffs, who were residents of Ottawa County with children in grades kindergarten through sixth grade, filed a complaint against the health officer, the board, and the department.  Initially, plaintiffs claimed that the health officer's factual findings in relation to issuing the order were insufficient to authorize the mandate.  Further, they asserted that the order mandating facial coverings was invalid because it was not approved by the board as required by law.

The health officer issued a subsequent order containing factual determinations and parameters regarding the mandate.  The revised order did not alter the facial-covering requirement for individuals present in schools.  The revised mandate explained that it would terminate 60 days after the COVID-19 vaccine was authorized by the United States Food and Drug Administration for persons in prekindergarten through grade six, or when the community transmission in Ottawa County was categorized as "moderate" by the Centers for Disease Control for at least 14 consecutive days.  Furthermore, the hearing officer could give notice and end the mandate earlier if appropriate.

Plaintiffs then amended their complaint, now focusing solely on their contention that the mandate or order could not be issued without the approval of the board.  Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that the order was properly issued and fully enforceable under the applicable statutory scheme.  Therefore, according to defendants, plaintiffs failed to state a claim on which relief could be granted.  After holding a hearing, the trial court agreed with defendants and ruled that the order mandating masks was legally valid and enforceable.  This appeal followed.

## II. ANALYSIS

## A. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo questions with respect to the interpretation and application of a statute. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## B. MCR 2.116(C)(8) – GOVERNING PRINCIPLES

In *The Gym 24/7 Fitness, LLC v Michigan*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355148); slip op at 8, this Court articulated the principles that govern review of a motion for summary disposition brought under MCR 2.116(C)(8):

> The issues raised on appeal also implicate MCR 2.116(C)(8), which provides for summary disposition when a "party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). In rendering its decision under MCR 2.116(C)(8), a trial court may only consider the pleadings. *Id*. The trial court must accept as true all of the factual allegations in the complaint. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130.

## C. PRINCIPLES OF STATUTORY CONSTRUCTION

In *Slis v Michigan*, 332 Mich App 312, 335-336; 956 NW2d 569 (2020), this Court recited the well-established principles regarding statutory construction, observing as follows:

> This Court's role in construing statutory language is to discern and ascertain the intent of the Legislature, which may reasonably be inferred from the words in the statute. We must focus our analysis on the express language of the statute because it offers the most reliable evidence of legislative intent. When statutory language is clear and unambiguous, we must apply the statute as written. A court is not permitted to read anything into an unambiguous statute that is not within the manifest intent of the Legislature. Furthermore, this Court may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature. [Citations omitted.]

## D. MOOTNESS

At the outset, we note that the mask mandate at issue in this case expired in January 2022, giving rise to the question whether this appeal has been rendered moot. In *Adams v Parole Bd*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355588); slip op at 4, this Court stated:

Issues involving mootness are questions of law that are reviewed de novo. This Court's duty is to consider and decide actual cases and controversies. Generally, this Court does not address moot questions or declare legal principles that have no practical effect in a case. Mootness occurs when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy. There is an exception, however, when an issue is publicly significant, likely to recur, and yet likely to evade judicial review. [Quotation marks and citations omitted.]

Because the challenged order is no longer in effect, there is no pertinent relief that we can grant on appeal in relation to the particular order at issue, and any judgment would have no practical legal impact on the *existing* controversy. That said, the issue presented has public significance, and although a pandemic-related order may not be likely to recur, the issuance of some type of emergency order by the health officer is likely to recur in the future and yet evade judicial review because of the limited duration of many health emergencies. Accordingly, although the issue on appeal is technically moot for purposes of the instant litigation, we shall substantively address the matter.

## E. VALIDITY OF MASK-MANDATE ORDER

The resolution of this appeal is governed by the Public Health Code, MCL 333.1101 *et seq.* MCL 333.2413 requires the creation of a county health department by the "local governing entity" of the county. The "local governing entity" in this case is the board. MCL 333.2406(a). MCL 333.2433 addresses the duties assigned to a local health department:

(1) A local health department shall continually and diligently endeavor to prevent disease, prolong life, and promote the public health through organized programs, including prevention and control of environmental health hazards; prevention and control of diseases; prevention and control of health problems of particularly vulnerable population groups; development of health care facilities and health services delivery systems; and regulation of health care facilities and health services delivery systems to the extent provided by law.

Subsection (2) of MCL 333.2433 lists the specific duties of local health departments. And MCL 333.2433(3) provides that "[t]his section does not limit the powers or duties of a local health officer otherwise vested by law."

MCL 333.2435 sets forth the various powers of a local health department, including, under subsection (d), the authority to "[a]dopt *regulations* to properly safeguard the public health and to prevent the spread of diseases and sources of contamination." (Emphasis added.) MCL 333.2441 provides the procedure that a local health department must follow to effectively adopt a regulation:

A local health department may adopt regulations necessary or appropriate to implement or carry out the duties or functions vested by law in the local health department. *The regulations shall be approved or disapproved by the local governing entity*. The regulations shall become effective 45 days after approval by

the local health department's governing entity or at a time specified by the local health department's governing entity. The regulations shall be at least as stringent as the standard established by state law applicable to the same or similar subject matter. Regulations of a local health department supersede inconsistent or conflicting local ordinances.  [Emphasis added.]

And "[b]efore adoption of a regulation the local health department shall give notice of a public hearing and offer any person an opportunity to present data, views, and arguments."  MCL 333.2442.

On the other hand, MCL 333.2428 enumerates the powers and duties of local health officers:

> (1) A local health department shall have a full-time local health officer appointed by the local governing entity or in case of a district health department by the district board of health. The local health officer shall possess professional qualifications for administration of a local health department as prescribed by the department.

> (2) The local health officer shall act as the administrative officer of the board of health and local health department and may take actions and make determinations necessary or appropriate to carry out the local health department's functions under this part or functions delegated under this part and to protect the public health and prevent disease.

The Public Health Code grants the local health officer the authority to act in certain situations.  For example, MCL 333.2451 provides, in pertinent part:

> (1) Upon a determination that an imminent danger to the health or lives of individuals exists in the area served by the local health department, the local health officer immediately shall inform the individuals affected by the imminent danger and issue an order which shall be delivered to a person authorized to avoid, correct, or remove the imminent danger or be posted at or near the imminent danger.  The order shall incorporate the findings of the local health department and require immediate action necessary to avoid, correct, or remove the imminent danger.  The order may specify action to be taken or prohibit the presence of individuals in locations or under conditions where the imminent danger exists, except individuals whose presence is necessary to avoid, correct, or remove the imminent danger.

Under MCL 333.2453(1), a health officer is also authorized to issue emergency orders in response to an epidemic.

> If a local health officer determines that control of an epidemic is necessary to protect the public health, the local health officer may issue an emergency order to prohibit the gathering of people for any purpose and may establish procedures to be followed by persons, including a local governmental entity, during the epidemic

to insure continuation of essential public health services and enforcement of health laws. Emergency procedures shall not be limited to this code.

In this case, plaintiffs argue that the mask mandate was procedurally invalid because it was not approved by the board as required by MCL 333.2441. On its face, this argument is entirely without merit. MCL 333.2441 applies to "regulations" adopted by a "local health department." Here, we are concerned with an "order" issued by a "local health officer." As the trial court astutely observed, the local health department and the local health officer are assigned different duties and powers under the Public Health Code. MCL 333.2435(d) allows a local health department to adopt regulations pursuant to the procedures set forth in MCL 333.2441 and MCL 333.2442. Conversely, a public health officer is authorized to issue orders in circumstances in which there is an immediate danger to health, MCL 333.2451, or to control an epidemic, MCL 333.2453(1). There is no language in MCL 333.2451 or MCL 333.2453 that requires a local health officer to give notice, allow comment, or obtain approval by a board of commissioners before issuing an order. Moreover, although MCL 333.2441 requires that a board of commissioners approve or disapprove a regulation adopted by a local health department, there is no language indicating that the same approval process applies to an order issued by a local health officer.

Plaintiffs contend that a "regulation" includes an "order." Plaintiffs argue that because those terms are not defined in the Public Health Code, the trial court should have consulted a dictionary to define those terms. See *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). Plaintiffs then provide several dictionary definitions of "regulation" to purportedly establish that the term includes an "order." But the Public Health Code refers to both "regulations" and "orders" separately. Contrary to plaintiffs' position, these terms are not used interchangeably. For instance, MCL 333.2443 provides that "a person who violates a *regulation* of a local health department or *order* of a local health officer under this act is guilty of a misdemeanor punishable by imprisonment for not more than 6 months or a fine of not more than $200.00, or both." (Emphasis added.) The provision concerning civil penalties also contains similar language, separately referring to a "regulation adopted" and an "order issued." MCL 333.2461. Indeed, regulations are adopted and orders are issued; regulations are not issued and orders are not adopted.

The plain and unambiguous language of the pertinent statutory provisions clearly establishes that "regulations" and "orders" have different meanings under the Public Health Code. Otherwise, there would be no reason to include both terms, especially within the same statutory provisions. See *US Fidelity Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 14; 795 NW2d 101 (2009) (explaining that "the use of different terms within similar statutes generally implies that different meanings were intended") (quotation marks and citation omitted). Moreover, if the Legislature intended for emergency orders issued by a local health officer to be subject to the procedural requirements of MCL 333.2441 and MCL 333.2442, it would have expressly included such a requirement, whether in those provisions or in MCL 333.2451 and MCL 333.2453.

Accordingly, we hold that the trial court properly concluded that the order imposing the mask mandate was valid pursuant to the procedures set forth in the Public Health Code; therefore, the court did not err by granting defendants' motion for summary disposition.

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick